UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| NEAL B.,[1] | : | Case No. 3:23-cv-75 |
| | : | |
| Plaintiff, | : | |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Neal B. brings this case challenging the Social Security Administration's denial of his application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #12), Plaintiff's Reply (Doc. #13), and the administrative record (Doc. #8).

**I.      Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

1

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively applied for benefits on August 12, 2020, alleging disability due to several impairments, including PTSD, migraines, chronic pain, depression, high blood pressure, GERD, and sleep apnea. (Doc. #8-6, *PageID* #305). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a telephonic hearing before Administrative Law Judge (ALJ) Gregory M. Beatty. On April 28, 2021, ALJ Beatty concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. (Doc. #8-2, *PageID* #s 42-56). After the Appeals Council denied review, Plaintiff filed a previous case in the United States District Court for the Southern District of Ohio, and upon a Joint Motion to Remand, this Court remanded the case to the Commissioner. *See Neal B. v. Comm'r of Soc. Sec.*, No. 3:21-cv-299 (S.D. Ohio January 18, 2022); (Doc. #8-9, *PageID* #s 1131-40). Upon remand, ALJ Gregory M. Beatty held a subsequent hearing via telephone and issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since May 23, 2020, the alleged onset date. |
| Step 2: | | He has the following severe impairments: obesity, migraines, depressive disorder, anxiety disorder, and post-traumatic stress disorder (PTSD). |
| Step 3: | | He does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |

2

| | |
|---|---|
| Step 4: | His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of a "light work … except: never climb ladders, ropes, or scaffolds; frequently stoop, kneel, crouch, and crawl; avoid concentrated exposure to unprotected heights, moving mechanical parts, operating a motor vehicle, and to moderate noise; limited to performing simple, routine, and repetitive tasks; but not at a production rate pace; simple, work-related decision-making; occasional interaction with supervisors, coworkers, and the public; and can tolerate few changes in a routine work setting." |
| | He is unable to perform any past relevant work. |
| Step 5: | Considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. |

(Doc. #8-8, *PageID* #s 1043-50). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability from May 23, 2020, through the date of his decision. *Id.* at 1050.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #8-8, *PageID* #s 1041-1050), Plaintiff's Statement of Errors (Doc. #9), and the Commissioner's Memorandum in Opposition (Doc. #12), and Plaintiff's Reply (Doc. #13). To the extent that additional facts are relevant, they will be summarized in the discussion below.

**II.** **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v.*

*Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III. Discussion**

In this case, Plaintiff asserts that the ALJ erred in his consideration of the opinion evidence of record. (Doc. #9, *PageID* #s 1407-13). Plaintiff also argues that the ALJ's RFC fails to reasonably account for Plaintiff's migraine headaches and that the ALJ's analysis of Plaintiff's migraine headaches is unreasonable and unsupported. *Id.* at 1413-17. The Commissioner maintains that substantial evidence supports the ALJ's analysis of Plaintiff's migraines and his evaluation of the medical opinion evidence. (Doc. #12, *PageID* #s 1427-32).

**A. Evaluation of Medical Source Opinions**

Since Plaintiff filed his application after March 27, 2017, it is governed by the relatively new regulations describing how evidence is categorized, considered, and articulated when a RFC is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c. A plaintiff's RFC is an assessment of "the most [a plaintiff] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). A plaintiff's RFC assessment must be based on all the relevant evidence in his case file. *Id.* The governing

4

regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 404.1513(a)(1)-(5). Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [Plaintiff]'s medical sources." 20 C.F.R. § 404.1520c(a). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Social Security Administration's] disability programs policies and evidentiary requirements." § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered. 20 C.F.R. § 404.1520c(b)(2). When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. § 404.1520c(c)(1). When evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. § 404.1520c(c)(2). An ALJ may discuss how he or she evaluated the other factors but is generally not required to do so. § 404.1520c(b)(2).

While these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of

5

[his] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id.*

Plaintiff argues that the ALJ failed to meaningfully explain his consideration of the supportability and consistency factors in his evaluation of the opinions of the state agency psychological consultants, Janet Souder, Psy.D., and Jennifer Swain, Psy.D. (Doc. #9, *PageID* #1410). Specifically, Plaintiff contends that the ALJ did not address the supportability factor and failed to explain how their opinions are consistent with the evidence. *Id.* Further, Plaintiff asserts that the ALJ did not properly account for their opinion that Plaintiff should be limited to superficial contact or their opinion that any additional duties or extra responsibilities directed to Plaintiff would require adjustment time. *Id.* at 1411-12

Dr. Souder and Dr. Swain reviewed Plaintiff's mental health records in October 2020 and November 2020, respectively. (Doc. #8-3, *PageID* #s 133-41, 143-50). They opined that Plaintiff has no limitation in his ability understand, remember, or apply information, and moderate limitations in his ability to interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. *Id.* at 136, 145. Regarding Plaintiff's sustained concentration and persistence

limitations, Dr. Souder and Dr. Swain indicated that he is "[l]imited to routine independently performed tasks (no more than 3 steps at a time)[.] Work environment should minimize stressful situations such as quick pace or high production quotas. Anxiety, trauma-related reactions and depression interrupt ability for periods of extended focus and completion of complex instructions." *Id.* at 139, 148. Turning to Plaintiff's social interaction limitations, they explained, "Social interaction should be limited to superficial only with the public and coworkers. No mediation, no direct hiring or firing tasks, no direct supervision." *Id.* at 140, 148. Finally, concerning Plaintiff's adaptation limitations, Dr. Souder and Dr. Swain opined, "Work environment should be generally static. Any additional duties or extra responsibilities should allow for adequate adjustment time." *Id.* at 140, 149.

The ALJ found Dr. Souder and Dr. Swain's opinions to be "mostly persuasive" because they were "mostly consistent with the overall evidence of record, including medical evidence." (Doc. #8-8, *PageID* #1048). However, the ALJ concluded that "some of their findings are somewhat vague, such as their use of undefined or vague terms like 'superficial.'" *Id.* For "vocational clarity," the ALJ asked the vocational expert about the terms "superficial" and "static" during the hearing. *Id.* The vocational expert testified that there is no standard vocational definition for "superficial," but "the typical [one] from a vocational perspective, … it just indicates that the person is able to chit-chat, communicate with coworkers in the area but that is not related to specific job duties. Therefore, you don't need to communicate with like your coworkers in order to complete the work task." *Id.* at 1092-93. The vocational expert stated the limitations set forth by the ALJ in the hypothetical are consistent with his understanding of what superficial interaction would be. *Id.* at 1093. Similarly, the vocational expert testified that there is not a

7

specific definition of "static" or "generally static work environment." *Id.* However, he explained that "[e]ssentially, what you're looking at is a job that is routine and repetitive in nature, does not require independent decision-making, does not require the person to be able to … provide directions to others, so essentially performing a repetitive type job where the task is repeated over and over." *Id.* The vocational expert testified that the limitations provided by the ALJ in the hypothetical would be consistent with a generally static work environment as he understands it. *Id.* at 1094.

As Plaintiff correctly observed, the ALJ erred in failing to address the supportability factor as required by 20 C.F.R. § 404.1520c(b)(2) when evaluating the persuasiveness of Dr. Souder and Dr. Swain's opinions. *See* 20 C.F.R. § 404.1520c(b)(2) ("[W]e *will* explain how we considered the supportability and consistency factors for a medical source's medical opinions ... in your determination or decision.") (emphasis added). Moreover, although the ALJ discusses consistency, he failed to provide any support for his conclusion that their opinions are "mostly consistent with the overall evidence of record, including medical evidence." (Doc. #8-8, *PageID* #1048). Indeed, his conclusion that their opinions are "mostly consistent" suggests that there is some evidence that is not consistent. However, the ALJ failed to identify any specific evidence that is either consistent or not consistent with their opinions. The ALJ's failure to explain his analysis of the consistency of Dr. Souder and Dr. Swain's opinions, as mandated by 20 C.F.R. § 404.1520c(b)(2), constitutes error. 20 C.F.R. § 404.1520c(b)(2); *see Warren I*, 2021 WL 860506, at *8 ("An ALJ must "set forth a 'minimum level of articulation'" as to how she considered the supportability and consistency factors for a medical's source's opinion.").

However, the Commissioner contends that any error the ALJ made in his evaluation of Dr. Souder and Dr. Swain's opinion is harmless. (Doc. #12, *PageID* #1430). Courts generally will excuse an ALJ's procedural violation as harmless error unless it prejudices the claimant on the merits or deprives him of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2007) (citing *Connor v. U.S. Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)). However, a court's ability to excuse a procedural error depends upon the nature of the regulation and the importance of its procedural safeguard. *Id.* For example, an ALJ's failure to comply with the treating physician rule will rarely be excused. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004). Such an error may only be excused as harmless if the medical opinion "is so patently deficient that the Commissioner could not possibly credit it," if the violation is irrelevant because the Commissioner "adopts the opinion ... or makes findings consistent with [it]," or if the goal of the procedural safeguard is otherwise met. *Id.* at 547.

The Sixth Circuit has not addressed the circumstances under which an ALJ's failure to explain his consideration of the supportability and consistency factors, as required by 20 C.F.R. § 404.1520c(b)(2), can be excused as harmless error. However, several district courts in the Sixth Circuit have held that the harmless error test articulated in *Wilson*, which applies to violations of the treating physician rule, should also apply to violations of 20 C.F.R. § 404.1520c(b)(2). *See Musolff v. Comm'r of Soc. Sec.*, No. 1:21-CV-1739, 2022 WL 1571864, at *13 (N.D. Ohio Apr. 27, 2022) (citing cases), *report and recommendation adopted,* No. 1:21-CV-1739, 2022 WL 1568478 (N.D. Ohio May 17, 2022); *see also Jason M. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-CV-00272, 2022 WL 4591305, at *6-7 (S.D. Ohio Sept. 30, 2022). This Court agrees that the harmless error test articulated in *Wilson* should apply to violations of 20 C.F.R. § 404.1520c(b)(2).

9

Accordingly, an ALJ's failure to explain his consideration of the supportability and consistency factors when determining the persuasiveness of a medical opinion can only be excused as harmless error if: (1) the medical opinion is patently deficient, (2) the ALJ adopted the medical opinion or made findings consistent with the opinion, or (3) the goal of the regulation was otherwise met. *Wilson*, 378 F.3d at 547. Such an error cannot be excused as harmless for other reasons, including where substantial evidence in the record may support the ALJ's conclusion regarding the persuasiveness (or lack thereof) of the medical opinion. *Id.* at 546.

The Court finds that the ALJ did not adopt Dr. Souder and Dr. Swain's opinions or make findings consistent with their opinions. Specifically, the ALJ omitted their social interaction limitations, including their restrictions to superficial social contact and no direct supervision. As noted above, regarding Plaintiff's social interaction limitations, Dr. Souder and Dr. Swain opined, "Social interaction should be limited to superficial only with the public and coworkers. No mediation, no direct hiring or firing tasks, no direct supervision." (Doc. #8-2, *PageID* #s 140, 148). The ALJ considered Dr. Souder and Dr. Swain's opinion that Plaintiff should be limited to superficial interaction. He concluded that the term "superficial" was "undefined or vague." (Doc. #8-8, *PageID* #1048). Thus, the ALJ "turned to the vocational expert to expound on how they would interpret such a limitation in the workplace." *Id.* The ALJ then relied on the vocational expert's testimony that the limitations set forth in the ALJ's hypothetical were "consistent with an interpretation of the term 'superficial.'" *Id.* Notably, the ALJ did not expressly adopt or otherwise explain the vocational expert's definition of superficial.

Contrary to the ALJ's initial conclusion, "superficial" contact is a well-recognized work-related limitation. Indeed, courts have routinely recognized the distinction between a limitation

10

related to the *quantity* of time spent with an individual and a limitation regarding the *quality* of the interactions—including a limitation to "superficial" contact. See *Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18-CV-018, 2019 WL 133177 (S.D. Ohio Jan. 8, 2019) (Sargus, D.J.) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.") (quoting *Hurley v. Berryhill*, No. 1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)); *Hummel v. Comm'r of Soc. Sec.*, No. 2:18-CV-00028, 2020 WL 13572215, at *4 (S.D. Ohio Mar. 13, 2020). As such, Dr. Souder and Dr. Swain's opined limitation to superficial interaction cannot be accommodated by the ALJ's limitation to occasional contact with supervisors, coworkers, and the public. See *Hurley v. Berryhill*, No. 1:17-CV-421, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018) (holding that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit the plaintiff to occasional rather than superficial interactions) (internal citation omitted).

However, even if the ALJ's limitation to occasional contact was consistent with a limitation to superficial contact, the ALJ failed to include Dr. Souder and Dr. Swain's opined limitation of no direct supervision. Indeed, there is no indication that the ALJ considered this limitation when evaluating Dr. Souder and Dr. Swain's opinion. Further, the ALJ did not inquire with the vocational expert about whether a restriction to no direct supervision is consistent with the limitations set forth in his hypothetical. Plaintiff's attorney, however, asked the vocational expert, "If the hypothetical employee could only interact with public and coworkers, so no direct supervision, would that be something that's typical in a standard work environment?" (Doc. #8-

8, *PageID* #1095). The vocational expert responded, "No, it would not. The person -- although not -- not on a sustained basis, but they would be required to interact to some degree with a supervisor." *Id.* The Court finds that the ALJ's limitation to occasional interaction with supervisors is not consistent with Dr. Souder and Dr. Swain's opinion that Plaintiff have no direct supervision. Accordingly, the Court concludes that the ALJ's error in his evaluation of Dr. Souder and Dr. Swain's opinions cannot be excused as harmless. The ALJ's decision must therefore be reversed and remanded for further proceedings to properly analyze Dr. Souder and Dr. Swain's opinions pursuant to 20 C.F.R. § 404.1520c. For these reasons, Plaintiff's Statement of Errors is well-taken.[2]

### C. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #9) is **GRANTED;**
2. The Commissioner's non-disability finding is **VACATED**;

13

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

| | |
|---|---|
| March 5, 2024 | *s/Peter B. Silvain, Jr.* |
| | Peter B. Silvain, Jr. |
| | United States Magistrate Judge |